Filed 10/20/21  P. v. Bennett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAB LEE BENNETT,<br><br>    Defendant and Appellant. | C091446<br><br>(Super. Ct. Nos. STKCRFE19880002000, 41511) |

In June 1990, a jury found defendant Tab Lee Bennett guilty of second degree murder (Pen. Code, § 187),[1] kidnapping (§ 207), and vehicle theft (Veh. Code, § 10851). The trial court sentenced defendant to an aggregate term of 20 years to life in state prison. In 1992, we remanded the matter to correct a sentencing error, reducing the sentence to 15 years to life, but otherwise affirmed the judgment. (*People v. Bennett* (April 27, 1992, C009700) [nonpub. opn.].)

---

[1]     Undesignated statutory references are to the Penal Code.

1

In 2019, defendant filed a petition for resentencing under newly enacted section 1170.95. The court appointed counsel, the People filed an informal response, and defendant replied. After reviewing the court records, the trial court denied defendant's petition.

Defendant timely appealed and now contends the trial court erred by conducting "fact finding" at the "prima facie stage of review," and denying his petition without conducting an evidentiary hearing. The People concede the issue and agree the matter should be remanded for further proceedings. For the reasons stated below, we accept the People's concession.

PROCEDURAL BACKGROUND

A. *Defendant's Petition*

On January 4, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 and attached his own declaration. In his declaration, defendant checked the boxes to indicate (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and (3) he could not be convicted of first or second degree murder under the changes to sections 188 and 189. Defendant also requested counsel be appointed for "the re-sentencing process."

The People filed an informal response, opposing defendant's petition, and attached a request for judicial notice seeking judicial notice of the trial transcript, this court's decision in the direct appeal from the judgment, relevant statutory history, and defendant's prison disciplinary record. Defendant, through counsel, filed a reply to the People's opposition, and the People subsequently filed a supplemental response in opposition.

2

B.  *The Trial Court Order*

At the hearing on defendant's petition, the trial court acknowledged the matter was on "for a prima facie ruling."  Defendant's counsel argued defendant was convicted of felony murder and the record of conviction did not establish as a matter of law that he acted with reckless indifference to human life.  The People, on the other hand, argued the evidence established defendant was (if not the actual killer) a direct aider and abettor in the murder, and was not entitled to relief as a matter of law.

The trial court found the People's argument more compelling.  The court looked "back through the testimony" and this court's decision on appeal and found there was evidence that defendant was "actively involved in the kidnapping . . . with the intent to commit murder."  Moreover, the court found that regardless of whether defendant was the actual killer, he did aid and abet in the killing.  Thus, the court found defendant failed to make a prima facie case that he was entitled to relief and denied his petition.

## DISCUSSION

Defendant contends the trial court erred by denying his petition without issuing an order to show cause and conducting an evidentiary hearing.  He argues his petition contained the necessary allegations under section 1170.95, subdivision (b)(1), and the court erred by engaging in fact-finding during the prima facie stage of the proceedings.  The People concede the issue.

We agree the trial court erred by denying defendant's petition without issuing an order to show cause and conducting the required evidentiary hearing.

A.  *Legal Background*

"Under prior California law, a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder.  (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)  This was true irrespective of whether the defendant harbored malice aforethought.  Liability was imposed ' "for the criminal harms [the defendant] . . . naturally, probably,

3

and foreseeably put in motion." [Citations.]' (*Id*. at pp. 164-165, italics omitted.)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189.

Senate Bill No. 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine, to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 843.)

Our Supreme Court recently held that in order to determine whether the petitioner has made the requisite prima facie showing in their petition, the trial court may examine the record of conviction. (*Lewis, supra*, 11 Cal.5th at p. 971.) Thus, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*) Nevertheless, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

4

Once the section 1170.95, subdivision (c) prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Gentile, supra*, 10 Cal.5th at pp. 853-854.)

B. *Analysis*

Here, the trial court denied defendant's petition after reviewing the trial transcript and this court's opinion on appeal. The trial court determined on its own that the facts presented in those documents were sufficient to establish that defendant was not entitled to resentencing under section 1170.95 as a matter of law because defendant was either the actual killer or he aided and abetted the actual killer. Defendant had, however, already made the required prima facie showing in his petition. As the People acknowledge, the finding made by the trial court went beyond the preliminary review required to determine whether the allegations establishing the prima facie showing were accurate. Accordingly, the trial court's summary denial of defendant's petition was error. (*Lewis, supra*, 11 Cal.5th at p. 971.)

We agree with both parties that the case should be remanded for further proceedings in compliance with section 1170.95.

5

## DISPOSITION

The trial court's postconviction order denying defendant's resentencing petition is reversed and the matter is remanded with directions to proceed in accordance with the requirements of section 1170.95.

                                              \s\
                                      Blease, Acting P. J.

We concur:


\s\
Robie, J.


\s\
Duarte, J.